IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-87-BO

| | |
|---|---|
| BRENDA PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on cross-motions for judgment on the pleadings. A hearing was held before the undersigned on March 13, 2014, at Elizabeth City, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of Commissioner denying her claim for supplemental security income (SSI) payments pursuant to Title XVI of the Social Security Act. Plaintiff applied for SSI on February 24, 2005, alleging disability since July 11, 1997. Her claim was denied initially and on reconsideration. On September 21, 2007, an Administrative Law Judge (ALJ) held a hearing and, after considering the claim de novo, issued a decision on October 15, 2007, finding that plaintiff was not disabled. In an order dated August 17, 2010, the Appeals Council vacated the hearing decision and remanded plaintiff's claim. On remand, the ALJ was instructed by the Appeals Council to consider a 1998 decision that had found plaintiff disabled as of July 11, 1997. In the meantime, plaintiff had filed a subsequent claim wherein it was determined at the initial level that she was disabled as of November 7, 2007, the date of her subsequent application.

On February 17, 2011, the ALJ held a second hearing at which plaintiff, her counsel, her daughter, and a vocational expert (VE) appeared. Plaintiff amended her alleged onset date to October 25, 2005. After the second hearing considering the closed period of February 24, 2005 through November 6, 2007, in light of the subsequent award of benefits, the ALJ again found that plaintiff was not disabled by order entered April 20, 2011. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on December 4, 2012. Plaintiff then timely sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant

2

work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

After finding that plaintiff had not engaged in substantial gainful activity between February 24, 2005, and November 6, 2007, at step one, the ALJ found at step two that plaintiff had the following severe impairments: lumbar spine disc disease, hypertension, obesity, and depression. The ALJ found that plaintiff's impairments did not meet or equal a listing at step three, and found that during the relevant time period plaintiff had a residual functional capacity (RFC) to perform medium work with limitations. The ALJ went on to find at step four that plaintiff had no past relevant work, but found that considering plaintiff's age, education, work experience, and RFC, there were jobs in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

Plaintiff was determined to be disabled as of November 7, 2007, due to her lack of mental capacity to sustain work. Tr. 571; 609. The medical consultant reviewing the record found that plaintiff would have marked difficulty in the following categories: understanding, remembering, and carrying out detailed instructions, ability to maintain attention and concentrate for extended periods, and the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Tr. 607-08. This information was available to the ALJ upon remand from the Appeals Council, but the ALJ declined to mention or consider this evidence.

Importantly, the award of benefits beginning in 2007 was based on much of the same evidence considered by the ALJ on remand from the Appeals Council. Specifically, the medical consultant who reviewed plaintiff's application relied on the 2006-2007 records from Wilson Community Health and Health Services Personnel in arriving at her decision. Tr. 610. Those

3

records included opinions from plaintiff's treating physicians that she was depressed, would be unable to work more than four hours per day, and had marked impairment in her ability to maintain social functioning and activities of daily living. Tr. 548, 545, 522. The ALJ's review of these opinions and decision to give them little or no weight is not supported by substantial evidence. The ALJ declined to give some of these opinions any weight because he found that the physicians did not actually treat plaintiff, but a review of the record reveals otherwise. Plaintiff had received treatment from a number of physicians and staff at Health Services Personnel, and records of treatment, while they are not detailed, do reveal that plaintiff was actually treated by all but one of the physicians who offered an opinion as to her mental impairments. Tr. 524-25; 522-44; 549-556. Further, it is reasonable to assume, as plaintiff suggests, that the one non-treating physician's opinion was based on a thorough review of his colleague's records, and should have been given at least as much weight as a non-examining state agency physician.

A finding that a claimant is disabled that commences shortly after a prior finding that a claimant is not disabled may constitute new and material evidence that warrants remand. *See Hayes v. Astrue*, 488 F.Supp.2d 56, 565 (W.D.Va. 2003); *see also Reichard v. Barnhart*, 285 F. Supp.2d 728, 734 (S.D.W.Va. 2003) (finding that "disability commencing less than a week after [the ALJ] first pronounced that Claimant was not disabled is new and material evidence"); *Atkinson v. Astrue*, No. 5:10-CV-298, 2011 WL 3664346 *15 (E.D.N.C. July 20, 2011) (listing cases). Because plaintiff's claims of disability were based on the same or similar complaints, the "disability onset date might reasonably be sometime prior to the ALJ's decision [with respect to] the prior applications in view of a subsequent finding of disability." *Reichard*, 285 F.Supp.2d at 736 n.9. However, in light of the facts of this case, the Court finds that reversal rather than remand is

4

Case 5:13-cv-00087-BO Document 37 Filed 03/18/14 Page 4 of 6

appropriate.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ has clearly explained his basis for denying coverage and there is no ambivalence in the medical record. Plaintiff was approved for SSI in 1998 based on her mental impairments and her benefits were later discontinued due only to a change in her financial situation. Plaintiff later divorced and reapplied for SSI. Although this ALJ found her not to be disabled due to her mental and other impairments, plaintiff's subsequent application for SSI was approved after initial review and without the need for a hearing, with an onset date of

5

November 7, 2007. This award was based solely on plaintiff's mental impairments, and there is no evidence in the record that reveals a sudden change in or onset of new symptoms. The ALJ considering the instant application failed to mention the subsequent approval for benefits, even though he would have been aware that such approval was based on evidence that was before him for reconsideration after remand from the Appeals Council. As plaintiff has had two hearings before the same ALJ, has been approved for SSI benefits twice, most recently at the initial review stage without the need for a hearing, and there is nothing demonstrating a significant change in her mental health symptoms, remand would serve no purpose and reversal for an award of benefits is appropriate.

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 16] is GRANTED, defendant's motion for judgment on the pleadings [DE 25] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED to the Acting Commissioner for an award of benefits.

SO ORDERED, this _18_ day of March, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6